UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COREY PRESTON, <br><br> Plaintiff, <br><br> v. <br><br> FORT WAYNE POLICE DEPARTMENT, et al., <br><br> Defendants. | CAUSE NO. 1:22-CV-322-HAB-SLC |

OPINION AND ORDER

Corey Preston, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Preston alleges he was pulled over by an officer of the Fort Wayne Police Department while riding his moped on June 19, 2022. He was tasered, pepper sprayed, poked in his eyes, and thrown to the ground by that officer. He lost consciousness and was transported to a hospital. He woke up ventilated and strapped to the bed. He suffered bruises and open wounds from the force used by the officers. He was arrested

on August 1, 2022, and booked into the Allen County Jail. While there, he received notice that two individuals had witnessed the incident on June 19th. Preston has sued the Fort Wayne Police Department and Mayor Tom Henry for monetary damages.[1]

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . .." *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id.*

---

[1] The Prisoner Complaint form asks how many defendants the plaintiff is suing, and Preston wrote "9" on the blank line. *See* ECF 1 at 1. However, despite being directed to "[n]umber each defendant [and] [p]ut the name, job title, and work address of each defendant in a separate box as shown here," Preston only lists two defendants. *Id.*

2

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, internal quotation marks, and citations omitted).

Here, Preston has sued the Fort Wayne Police Department for the alleged use of excessive force by its officers. However, police departments are not suable entities in Indiana. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). He has also sued Mayor Tom Henry, but he is not mentioned anywhere in the body of the complaint. Thus, it is not plausible to infer Mayor Henry was personally involved in, knew about, or condoned the events that occurred. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (officials cannot be held liable simply because they hold supervisory positions); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. §

3

1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff).[2]

Accordingly, this complaint does not state any claims for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Preston may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Corey Preston until **January 3, 2023**, to file an amended complaint; and

(2) CAUTIONS Corey Preston that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 29, 2022.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] Nor has Preston alleged any relevant facts that would trigger official capacity liability here under *Monell*. *See e.g. Polk Cty.* 960 F.3d at 377–78; *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

4