UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COREY PRESTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. FRETZ, et al.,<br><br>    Defendants. | CAUSE NO. 1:22-CV-322-HAB-SLC |

OPINION AND ORDER

Corey Preston, a prisoner without a lawyer, filed an amended complaint. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Preston alleges he was pulled over while riding his moped by Officer J. Fretz of the Fort Wayne Police Department on June 19, 2022. Although he alleges he stopped and put his hands up, he was tasered, pepper sprayed, poked in the right eye, and thrown to the ground by that officer. While he was one the ground, he was kicked in the back by Officers J. Yoder, Z. Zimmerman, M. Innis, C. Troyer, and Z. Gord. He was then handcuffed and placed in the back of a police car where he was kicked and punched by

all of the officers listed above. During the encounter he lost consciousness, so he was eventually transported to a hospital. He woke up ventilated and strapped to the bed. He suffered bruises and open wounds from the force used by the officers. Preston has sued the aforementioned officers of the Fort Wayne Police Department for monetary damages.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . . .'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id.*

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, internal quotation marks, and citations omitted).

Here, Preston alleges he had his hands up and was not resisting any sort of commands when he was attacked by the officers, which caused him to lose consciousness and suffer multiple injuries. Although later factfinding may reveal the officers' actions were reasonable based on the particular circumstances that unfolded, giving Preston the benefit of the inferences to which he is entitled at this stage, he has stated plausible Fourth Amendment claims against them.

For these reasons, the court:

(1) GRANTS Corey Preston leave to proceed against J. Fretz 1974, J. Yoder 2024, Z. Zimmerman 2025, M. Innis 1975, C. Troyer 1805, and Z. Gord in their individual capacities for compensatory and punitive damages for subjecting him to excessive force after he was pulled over in Fort Wayne, Indiana on June 19, 2022, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) J. Fretz 1974, J. Yoder 2024, Z. Zimmerman 2025, M. Innis 1975, C. Troyer 1805, and Z. Gord at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 12);

(4) ORDERS the Chief of the Fort Wayne Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), J. Fretz 1974, J. Yoder 2024, Z. Zimmerman 2025, M. Innis 1975, C. Troyer 1805, and Z. Gord to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 28, 2023.

    s/ *Holly A. Brady*  
    JUDGE HOLLY A. BRADY  
    UNITED STATES DISTRICT COURT